### FRANKS v. FRANKS.

Court of Appeals of Kentucky.
April 27, 1951.

S. Jewell Rice, Lexington, for appellant.

Geo. R. Smith, Lexington, for appellee.

## LATIMER, Justice.

This appeal has to do with the questions of alimony and attorney's fee. Appellant and appellee were married in September 1921 and lived together until June 1941 when appellant filed suit for divorce from bed and board. Two days after this suit was filed an agreed order was entered wherein it was provided: "By agreement between plaintiff and the defendant it is ordered and adjudged by the Court that the defendant pay to the plaintiff the sum of $40.00 per month in semi-monthly payments of $20.00 each, on the 6th and 21st day of each month, beginning July 6th, 1941, and continuing on the 6th and 21st day of each month thereafter until the further orders of the Court, and the defendant will pay said money to Mrs. Kate Pirky, Juvenile Officer of the Fayette County Court."

The order further provided that the husband should have the custody of Lyman Franks Jr. until further orders of the court and that the wife should have the custody of Marshaneal Rose Franks, with proper arrangements for visitation.

Upon the trial of the cause the court granted appellant the divorce from bed and and board; and further provided that the father should have the custody of the son and the mother the custody of the daughter as per the agreed order, but required appellee to maintain the daughter in every respect except her board. To provide for the board, it was adjudged that appellee pay appellant the sum of $20.00 per month until further orders of the court. The question of alimony was then reserved for future determination.

In October 1945 appellee filed suit for divorce on the grounds of five years separation. Appellant filed answer and counterclaim, praying alimony in the sum of $1500, and her costs, including an attor-

ney's fee. However, this suit was premature since the parties actually had not lived separate and apart for the required five years. After the expiration of five years appellee filed an amended petition, adopting the allegations contained in his original petition, and appellant filed an amended answer and counterclaim, adopting the allegations contained in her original answer and counterclaim.

The cause went to judgment. Appellee was granted an absolute divorce. Appellant was denied alimony.

Appellant is here insisting that the Chancellor should have allowed alimony as prayed in her petition. No complaint is made in appellant's brief concerning the allowance for attorney's fee.

We are concerned here with the question of alimony and must base our conclusions upon the record furnished.

The testimony of appellant and her witnesses appear almost entirely directed to the character and sort of wife appellant made during the time the parties had lived together as husband and wife, which necessarily was at the time prior to the action for divorce from bed and board and prior to the commencement of the five year period of living separate and apart. None of the testimony is directed to the ability of the husband to pay alimony or to any facts upon which such judgment could be based. True, in the counterclaim we find allegations as to the value of the property owned by the husband but we fail to find any proof in support of that allegation.

Some mention is made in briefs of the report of the Master Commissioner but we can find no such report in the record.

We note also in the deposition that two of the witnesses for appellant were asked if they would file in this action their depositions as taken in the prior action for divorce from bed and board. If they were filed, we do not find them in the record.

Appellant cites opinions of this Court which are controlling as to questions of alimony. With those we quite readily agree. However, on the basis of this record we can not say the court improperly disallowed alimony.

Something is said in appellant's brief about the Chancellor being of the belief that appellee would continue payments of alimony as per the agreed order above. We are unable to say that this record will support such a conclusion. If as a matter of fact the agreed order was in force and effect and there were delinquent payments in consequence thereof, the matter becomes a question for action under the agreement.

It will be noted, however, pursuant to the agreed order and judgment the total sum of $1190 had been paid to appellant by Mrs. Kate Pirky, Juvenile Officer, within the above five year period.

We find no basis in this record for interference with Chancellor's findings.

The judgment is affirmed.